## Thomas Fortin *et al.*

*v.*

## The United States Wind Engine and Pump Company.

1. Nul tiel corporation—*evidence under.* Where a plea, denying the corporate existence of the plaintiff suing as a corporation, is pleaded, the original articles of association, properly recorded, may be read in evidence, without a certificate of the clerk that it is a true copy.

2. Verdict—*supported by evidence.* Where two brothers lived together, and farmed and raised stock jointly, and were in the habit of purchasing goods which were charged to them jointly, and were paid for, sometimes by one, and at other times by the other, and one of them purchased a pump, to be used for their stock on the farm, although it was placed on the part of the farm of the brother who made the purchase: *Held,* that the jury would be warranted in finding that it was purchased on joint account.

Appeal from the Circuit Court of Kankakee county; the Hon. Charles H. Wood, Judge, presiding.

The opinion states the case.

Mr. Wm. H. Richardson, for the appellants.

Mr. M. B. Loomis, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

It appears, from the record in this case, that the certificate, or articles of association, offered in evidence, was the original, and not a copy. It therefore could not have been truly certified to be a true copy by the clerk. It seems to have been recorded in the proper county, and no objection to its admission is perceived, and hence, it was not error to admit it.

The main question in the case is, whether the finding of the jury, that appellants were jointly liable, is manifestly against the evidence. It appears from the evidence, and it was so stated by Thomas, that they purchased goods which were charged to them, and that sometimes one paid and sometimes the other; that they were jointly engaged in farming and stock raising on the farm upon which the mill and pump were placed. It is true, that Thomas was alone present when the purchase was made, and it was placed upon his land, and he states that each improved his own land. It would, however, seem to be manifest that it was purchased for the use of their stock and for their mutual benefit, and as a means of advancing their farming and stock growing interests, which were joint. And being in the habit of purchasing goods and other property for the farm, and either of them paying for it; and being in the habit of purchasing other property jointly, a jury might reasonably infer that, this being for joint use, it was purchased on their joint account, notwithstanding it was placed on the separate land of one of them. While it may be that the evidence is not of that clear and satisfactory character as would leave no doubt, still, the evidence tended to show that the purchase was made on their joint account, as was their constant habit of purchasing other property.

We are of the opinion, that there was evidence to warrant the finding of the jury, and the judgment must be affirmed.

*Judgment affirmed.*